UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | CR No. 20-cr-80-JJM-AEM |
| ) | |
| CARLOS JOJAMIS GONZALEZ ) | |
| NEVAREZ, ) | |
|     Defendant. ) | |

ORDER

Before the Court is Defendant Carlos Jojamis Gonzalez Nevarez's Motion to Modify his Sentence under 18 U.S.C. § 3582(A)(c)(1) (so-called compassionate release). Because Mr. Gonzalez Nevarez has presented unrefuted evidence that his mother is incapacitated and that he is the only available caregiver (U.S.S.G. § 1B1.13(b)(C)(3)), and that, after serving over one-half of his sentence, the section 3553 factors support his release, the Court GRANTS his Motion to Modify his Sentence. ECF No. 62-1.

I. TRAVEL OF THE CASE

Mr. Gonzalez Nevarez, now thirty-one years old, was initially charged by complaint with various narcotics and firearms related offenses in November of 2019. He was held initially but then was released for a brief period in May of 2020 due to the Covid-19 pandemic. Less than two months later, he was arrested as a violator of the terms and conditions of his bond due to an allegation of domestic violence.[1] In

---

[1] The domestic violence charge (RI state case 61-2020-05575) was later dismissed because the victim did not want to go forward.

September of 2020, Defendant entered pleas to charges of distributing cocaine (one count) in violation of 21 U.S.C. §§ 841 (a)(1) and (b)(1)(C), distribution of fentanyl (three counts) in violation of 21 U.S.C. §§ 841 (a)(1) and (b)(1)(C), distribution of fentanyl 40 grams or more in violation of in violation of 21 U.S.C. §§ 841 (a)(1) and (b)(1)(B), possessing with intent to distribute 400 grams or more of fentanyl (one count) in violation of 21 U.S.C. §§ 841 (a)(1) and (b)(1)(A), and one count of possessing a firearm by a previously convicted individual (one count). The Court sentenced him to the mandatory minimum sentence of 120 months followed by a 5-year period of supervised release. He has been serving this sentence since November 19, 2019. His current BOP release date is May 7, 2029.

He filed this Motion to Modify his Sentence after having his request ignored by the warden at FCI Allenwood.[2]

## II.   ANALYSIS

Under 18 U.S.C. § 3582(c)(l)(A)(i) a district court may reduce a term of imprisonment if it determines: (1) an extraordinary and compelling reason warrants the reduction; (2) the defendant will not be a danger to the safety of any other person or the community; and (3) the sentencing factors outlined in 18 U.S.C. § 3553(a) favor release. *See* 18 U.S.C. § 3582(c)(l)(A); U.S.S.G. § 1B1.13(b)(3)(C).

---

[2] The Bureau of Prisons has not responded to Mr. Gonzalez Nevarez's email request – and more than thirty days has passed. ECF No. 62-2. Consequently, he has satisfied the requirement of 18 U.S.C. § 3582(c)(l)(A) that he exhaust all administrative remedies.

2

A. Extraordinary and Compelling

The United States Sentencing Commission guidance states that "extraordinary and compelling reasons" for compassionate release exist where a defendant's family circumstances merit it, including "[t]he incapacitation of the defendant's parent when the defendant would be the only available caregiver for the parent."[3] U.S.S.G. § 1B1.13.  Mr. Gonzalez Nevarez argues that his family circumstances meet these criteria such that he is entitled to be released.

1. Incapacitation of his parent

The record shows that, on April 3, 2025, Mr. Gonzalez Nevarez's mother, Dalia Nevarez Santana, who is sixty-three years of age, suffered a severe stroke.[4]  ECF No. 62-3. She spent almost one month in the hospital, and at discharge her doctor noted that she was suffering from severe impairments that required use of a ventilator connected to a tracheal tube, and a gastro tube for nourishment. *Id.* at 2.

About a month after her discharge, Ms. Nevarez Santana was rushed back to the hospital. This time she was suffering from pneumonia and septic shock because of the failure of her ventilator tube. ECF No. 62-5. She spent two weeks in the hospital; her discharge report noted several chronic illnesses and cautioned that Ms. Nevarez Santana "is complete[ly] dependent of [activities of daily life] and needs

---

[3] Mr. Gonzalez Nevarez has also premised his request on the conditions at FCI Allenwood (see, ECF No. 62-1 at 4-5.  Because of the Court's finding above, it need not address that basis.

[4] "Hemorrhagic stroke, with left hemiplegia.  Pt with tracheotomy and gastrostomy. *** portable ventilator."  ECF No. 62-3 at 7.

3

24 hour monitoring." *Id.* at 7. She requires assistance with breathing, eating, and is essentially bedridden. She also is mentally disoriented and cannot communicate. *Id.*

Mr. Gonzalez Nevarez's sister, Dalerys Castro Nevarez cares for her mother and reports by letter to the Court that her mother is "not very good right now. She had a critical brain stroke on April 3rd, 2025, by which she lost mobility on the left side of her body. She is now bedridden as a result of the stroke. They did a tracheostomy and a gastrotomy, and she has to be connected 24/7 to a ventilator so she can breathe because she is unable to do so on her own." ECF No. 62-6 at 2. Ms. Castro Nevarez submitted several photographs dated around the time of her stroke and subsequent months showing her mother's devastating medical condition. *See* ECF No. 62-4.

This evidence demonstrates that Mr. Gonzalez Nevarez's mother is incapacitated, and that evidence is unrefuted.

### 2. Only available caregiver for his parent

Next the Court considers whether Mr. Gonzalez Nevarez is his mother's only available caregiver. It is clear from her medical records that Ms. Santana needs intensive and constant care and the only family she has been able to rely on to date is her daughter, Ms. Castro Nevarez. In her letter to the Court, though, Ms. Castro Nevarez states that she needs her brother to help with their mother's care. She notes that she is a single mother with three children "for whom I also have to care; and being alone it is difficult for me to deal with everything, the house, my children, my mother. It is difficult for me to deal with the kids and her by myself, because at this

time I don't have help from anyone." ECF No. 62-6 at 2. So, while Mr. Gonzalez Nevarez is not the only person available to care for his mother, U.S.S.G. § 1B1.13(3)(C), because his sister has been doing her best to offer some measure of assistance, the way that Ms. Castro Nevarez has been juggling of the care of her very ill mother and her own three children has created an extremely critical and untenable situation for their entire family. It is clear that Mr. Gonzalez Nevarez is needed to provide hands-on, in-person care as well as financial support for his mother.

Also, since filing the motion, Mr. Gonzalez Nevarez provided additional evidence that his family's circumstances have gotten more dire, especially contributing to the increased load that his sister faces. Mr. Gonzalez Nevarez's grandfather, a United States military veteran, lives with his son (Mr. Gonzalez Nevarez and Ms. Castro Nevarez's father) and is suffering with medical conditions that now require "assistance in all activities of daily living and instrumental activities of daily living to complete his daily routines." ECF No. 69-1. Ms. Castro Nevarez also now must assist her father with the care of her grandfather – taking time away from her mother's constant care and lending further evidence that Mr. Gonzalez Nevarez is now essentially the only available caregiver for his incapacitated mother as the guidelines define the term. These difficult family circumstances certainly meet the Sentencing Guidelines definition of an "extraordinary and compelling" need.

The Government has presented no evidence to refute any of this evidence. Instead, they simply support their opposition that arguing that the medical

5

information is dated. The Court disagrees that it requires anything more up to date in light of the circumstances here.[5]

### B. Not a Danger to the Community

In considering Mr. Gonzalez Nevarez's motion for release, the next factor provides that the Court can reduce his sentence only if "[t]he defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." U.S.S.G. § 1B1.13(2). Mr. Gonzalez Nevarez's crimes were serious, meriting a ten-year mandatory sentence, but he has served almost seven years of this sentence. While FCI Allenwood records about his disciplinary bookings are not available due to staffing issues there, Mr. Gonzalez Nevarez affirms that he has not had a behavior write up in more than three years. Even if he did have minor infractions for example fighting, the Court notes that other courts have not held such disciplinary records to foreclose relief. *See, e.g., United States v. Marks*, 03-CR-6033L, 455 F. Supp. 3d 17, 26–27 (W.D.N.Y. Apr. 20, 2020) (granting compassionate release for defendant with a checkered disciplinary record over a long-term of imprisonment). And considering Mr. Gonzalez Nevarez was sentenced to five years of supervised release, the Court is satisfied that those conditions will mitigate any risk that is presented by his release. *United States v. Johns*, No. CR 91-392-TUC-CKJ, 2019 WL 2646663, at *3 (D. Ariz. June 27, 2019) (citing 18 U.S.C. § 3142(g)).

---

[5] The medical records are only seven or eight months old. Mr. Gonzalez Nevarez's attorney points out the difficulty in communicating with his client and therefore obtaining more current records because of staffing shortages at FCI Allenwood. ECF No. 62 at 5 n.2.

The Court also could revoke his supervised release should he not meet those conditions and is prepared to do so if the need arises. *See* U.S.C. § 3583(e); *Johnson v. United States*, 529 U.S. 694, 697 (2000).

### C. Section 3553 Factor Consideration

Now that the Court has found there are extraordinary and compelling reasons to grant Mr. Gonzalez Nevarez's compassionate release request, the Court must evaluate his sentence under the § 3553(a) factors to determine what sentence would be "sufficient, but not greater than necessary." *See* 18 U.S.C. § 3582(c)(1)(A); 18 U.S.C. § 3553(a).

First, the Court considers the need for the sentence to, among other things, "reflect the seriousness of the offense." 18 U.S.C. § 3553(a)(2)(A). While Mr. Gonzalez Nevarez crimes were serious and the lengthy sentence reflects that, he has served almost seven years of that sentence. The Court also reviews Mr. Gonzalez Nevarez's history and characteristics. *See* 18 U.S.C. § 3553(a)(1). He is thirty-one years old, having committed the crime when he was twenty-three years old. He appears to want to improve his life and has availed himself of educational and vocational programs at FCI Allenwood, earning certifications and his GED. In totality, this Court believes that, after spending more than half of his ten-year sentence behind bars, the § 3553(a) factors weigh in favor of Mr. Gonzalez Nevarez's early release.

## III.    CONCLUSION

The Court finds that Mr. Gonzalez Nevarez's Motion for Compassionate Release is ripe for the Court's review, that extraordinary and compelling circumstances exist to reduce his sentence, that the § 3553(a) factors warrant a reduction, and that Mr. Gonzalez Nevarez will not be a danger to society upon release.

The Court therefore:

1. GRANTS Carlos Gonzalez Nevarez's Motion for Compassionate Release (ECF No. 62);

2. REDUCES Mr. Gonzalez Nevarez's sentence to time served as of February 6, 2026; and

3. IMPOSES the same terms and conditions of supervised release as previously imposed.

IT IS SO ORDERED.

*s/John J. McConnell, Jr.*

_____
JOHN J. MCCONNELL, JR.
Chief Judge
United States District Court

January 27, 2026